UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROOSEVELT KING,

    Plaintiff,

v.    Case No. 3:19-cv-790-J-39PDB

ALTHEA L. ROBINSON,

    Defendant.
_____

**ORDER**

**I. Status**

Plaintiff, Roosevelt King, an inmate of the Florida Department of Corrections (FDOC), is proceeding pro se on an amended civil rights complaint (Doc. 12; Am. Compl.) against Althea Robinson, a nurse at Columbia Correctional Institution (CCI).[1] Before the Court is Defendant Robinson's motion to dismiss (Doc. 14; Motion), to which Plaintiff has responded (Doc. 17; Pl. Resp.).

**II. Motion Standard**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the complaint

---

[1] Plaintiff initiated this action in state court, and Defendant Robinson filed a notice of removal. See docket. After removal, the Court directed Plaintiff to amend his complaint using the Court-approved civil rights complaint form. See Order (Doc. 9).

allegations must be construed in the light most favorable to the plaintiff. Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019). When a plaintiff proceeds pro se, the court must liberally construe the allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680.

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. Thus, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Gill, 941 F.3d at 511 (quoting Iqbal, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id.

### III. Complaint Allegations

Plaintiff alleges Defendant Robinson, an advanced registered nurse practitioner (ARNP), "took it upon herself to rewrite a medical pass that was not expired." Am. Compl. at 5. Plaintiff

2

left blank section IIB of the civil rights complaint form, which requires a prisoner to identify the federal constitutional or statutory right allegedly violated. See id. at 3. Liberally construing his complaint, it appears Plaintiff asserts Defendant Robinson was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In fact, in his response to Defendant Robinson's motion, Plaintiff claims he has been denied adequate medical care, saying Robinson ignored his complaints of pain and told him therapy would not help. See Pl. Resp. at 1-2.

In his amended complaint, Plaintiff does not say what medical conditions he has or why he has been issued a medical pass. Upon review of Plaintiff's original complaint and attachments (Doc. 1; Compl.),[2] it appears he has undergone a double knee replacement, for which he has a low bunk pass and a walker, and he has hearing loss, for which he uses hearing aids. See Compl. at 3-4. In his original complaint, Plaintiff alleged Defendant Robinson "has continued to remove items from his medical pass without reason or examination." Id. at 3.

In his amended complaint, Plaintiff alleges no injuries, though he claims he has suffered pain. See Am. Compl. at 5. As

---

[2] The operative pleading is the amended complaint. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading.'"). The Court references the original complaint only to elucidate the facts because Plaintiff's allegations in the amended complaint are scant.

3

relief, Plaintiff seeks pain-and-suffering damages and that the medical pass be honored as originally written. Id.

**IV. Analysis & Conclusions**

Defendant Robinson seeks dismissal of the amended complaint for Plaintiff's failure to exhaust, failure to state a claim for relief, and lack of standing. See Motion at 1. Defendant Robinson asserts Plaintiff did not exhaust his administrative remedies because he submitted only an informal grievance in which he did not mention Defendant's name. Id. at 1-2.

In response, Plaintiff asserts he "had no intention of this matter going this far." See Pl. Resp. at 1. He only wants proper medical care. Id. As to exhaustion, Plaintiff says it was not necessary for him to mention Nurse Robinson by name because she was the only ARNP at the institution. Id. He does not respond to the argument that he filed only an informal grievance. In fact, it appears he concedes he did not file additional grievances: Plaintiff says that because he was complaining of a medical issue, he could have "skip[ped] [the institution level grievance steps] and [have] go[ne] directly to the Secretary, but [he] did [not]." Id.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies

4

is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). When confronted with an exhaustion defense, courts employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015) (internal citations omitted). The Supreme Court has held that "the PLRA . . . requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion" means a prisoner must grieve his issues in compliance with the agency's procedural rules so the agency has a "full and fair opportunity" to address a prisoner's issues on the merits. Id. at 90. The PLRA does not mandate "a name all defendants requirement." Jones, 549 U.S. at 217 (internal quotation marks omitted). See also Parzyck v. Prison Health Servs., 627 F.3d 1215, 1218 (11th Cir. 2010) ("A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim.").

5

Generally, to properly exhaust administrative remedies, a Florida prisoner must complete a three-step process as fully set forth in the Florida Administrative Code. See Fla. Admin. Code r. 33-103.001 through 33-103.018. First, a prisoner must file an informal grievance. See Fla. Admin. Code r. 33-103.005. If the informal grievance is denied, the prisoner must file a formal grievance at the institution level. See Fla. Admin. Code r. 33-103.006. Finally, if the formal grievance is denied, the prisoner must appeal to the office of the Secretary of the FDOC. See Fla. Admin. Code r. 33-103.007. An inmate my bypass the informal grievance step under some circumstances, including to grieve a medical issue. See Fla. Admin. Code r. 33-103.006(3)(e).

Under the first step of the grievance analysis, the Court must accept Plaintiff's allegations as true. Plaintiff, however, addresses only part of Defendant Robinson's argument: his failure to identify her by name in the grievance. Defendant Robinson's exhaustion defense fails on this argument because a prisoner is not required to name the person he later sues to properly grieve a claim so long as he affords the agency a "full and fair opportunity" to address his issues on the merits. See Jones, 549 U.S. at 217; Woodford, 548 U.S. at 90. Upon review of the records Defendant Robinson filed in support of her motion (Doc. 14-1; Def. Ex.), Plaintiff submitted an informal grievance, which put the agency on notice he had an issue with his medical pass. See Def.

6

Ex. at 6. Thus, his failure to identify Defendant Robinson by name is not fatal to his exhaustion efforts.

What is fatal to Plaintiff's exhaustion efforts, however, is that he did not follow the three-step process set forth in the Florida Administrative Code. Plaintiff submitted an informal grievance to the medical department on April 8, 2019. Id. Plaintiff mentioned he saw the doctor on March 28, 2019, to request additional therapy for his knee and a renewed medical pass because his pass had "faded and could [not] be read." Id. In his grievance, Plaintiff complained that since his transfer, his medical pass had been changed twice despite the terms of a settlement agreement between the FDOC and Disability Rights Florida.[3] Id. The only relief Plaintiff sought was for his medical chart to reflect that his medical pass was changed without an examination. Id. The grievance responder denied Plaintiff's grievance but noted, "consult submitted for approval." Id. Defense counsel represents

---

[3] In 2016, Disability Rights Florida, Inc. sued Julie Jones in her capacity as the Secretary of the FDOC for continuously violating the federal rights of inmates with disabilities including those with vision, hearing, and mobility impairments. See Case No. 4:16-cv-47-RH-CAS (Doc. 1). In the complaint, filed in the United States District Court for the Northern District of Florida, Plaintiff was identified as an inmate with a hearing impairment, who alleged he had only limited access to the teletypewriter (Doc. 1 at 60). The case settled in July 2017. See Case No. 4:16-cv-47-RH-CAS (Doc. 81). In what appears to be an excerpt of the settlement agreement, which Plaintiff filed with his original complaint, the parties agreed medical "passes for Covered Inmates will remain in effect even when a Covered Inmate is transferred." Compl. at 9.

Plaintiff did not appeal the response to his informal grievance, and there are no grievance forms showing otherwise. See Motion at 3.

Based on the foregoing, the Court finds Defendant Robinson demonstrates Plaintiff did not exhaust his administrative remedies as to a claim that Defendant Robinson failed to provide adequate medical care. Plaintiff satisfied only the first step of the three-step grievance process. Thus, he did not properly exhaust his claim in compliance with the agency's procedural rules. See Woodford, 548 U.S. at 90.[4] If Plaintiff believes his medical pass was changed in contravention of a settlement agreement between the FDOC and Disability Rights Florida, Inc., he should follow appropriate steps to pursue a claim as set forth under the terms of the agreement. Notably, Plaintiff does not sue the Secretary of the FDOC for an alleged violation of the settlement agreement; he sues a nurse for an alleged failure to provide adequate medical care. Assuming Plaintiff states a viable claim under the Eighth Amendment against Defendant Robinson, he has not exhausted that claim. Thus,

---

[4] While Plaintiff says he could have proceeded directly to the office of the Secretary, see Pl. Resp. at 1, the agency's rules permit him to bypass only the informal grievance step for medical issues. See Fla. Admin. Code r. 33-103.006(3)(e). Moreover, Plaintiff concedes he chose not to pursue the administrative remedies he believed were available to him. See Pl. Resp. at 1. Plaintiff does not assert he appealed the denial of his informal grievance, nor does he provide documentation that shows he did.

his amended complaint will be dismissed without prejudice subject to his right to exhaust his administrative remedies or seek relief against the appropriate person for an alleged violation of the settlement agreement.[5]

Accordingly, it is now

**ORDERED:**

1. The Court **grants** Defendant Robinson's motion to dismiss (Doc. 14) to the extent Plaintiff's claims against Defendant Robinson are dismissed without prejudice.

2. The Court **denies as moot** Plaintiff's motion to proceed with trial (Doc. 24).

3. The Court directs the **Clerk** to enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c: Roosevelt King
Counsel of record

---

[5] Because the Court finds Plaintiff did not exhaust his administrative remedies, the Court need not address Defendant's remaining arguments.